UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-81116-CIV-MIDDLEBROOKS/JOHNSON

THE 16TH ST. DR. N.W. LAND HOLDERS
AND/OR ECP TRUST,

    Plaintiffs,

vs.

THE CITY OF HICKORY CODE ENFORCEMENT
DIVISION IN N.C. 28601,

    Defendant.                  /

## ORDER

THIS CAUSE comes before the Court upon the following motions: Plaintiff's Motion to Amend/Correct Complaint (DE 4), Plaintiff's Motion to Continue Scheduled Hearing (DE 13), Plaintiff's Motion to Change Defendant's Name (DE 16), Defendant's Motion to Dismiss Complaint (DE 17), Defendant's Motion to Stay re Scheduling Order (DE 20), Plaintiff's Motion for Default Judgment (DE 22), and Plaintiff's Motion for Summary Judgment (DE 22). I have reviewed the Motions in this matter and am fully informed in the premises.

This is an action which began with the filing of a document by Edith C. Peterson, who signed the document as Trustee for the ECP Trust. The Complaint is entitled "Motion the Honorable Courts to Stay All Actions Aleged (sic) in the City of Hickory, N.C.'s Notice of Violation Deadline of 12/6/06 and Authorize Discovery on Defendants and Their Influencing Associates." The Complaint is brought by "The 16th St. Dr. N.W. Land Holders and/or ECP Trust," as Plaintiffs. The Plaintiffs brought their Complaint against "The City of Hickory Code Enforcement Division in N.C. 28601." The Complaint includes no numbered paragraphs or detailed causes of action. Instead, the Complaint discusses issues of permits, zoning, and code enforcement on various pieces of property in North Carolina. The Complaint mentions the Federal Fair Housing Act, but does not detail how Defendants violated such provision or state a cause of action upon which Plaintiffs are legally entitled to the relief

sought. Moreover, it is also difficult to ascertain what relief Plaintiffs are seeking. The closing statement of the Complaint is a request that "[t]he Honorable Court order The City of Hickory follow thru with the 1982 agreement to bring the 16th St. Dr. N.W. up to state standards to it's end at the Sherrill residence." Complaint at page 3. Defendant responded to Plaintiffs' Complaint by filing a Motion to Dismiss.

As noted above there are a variety of pending motions in this matter. I will begin by addressing Defendant's Motion to Dismiss Complaint. Defendant moves to dismiss Plaintiffs' Complaint due to lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted. Plaintiffs respond that Defendant's concerns raised in its Motion to Dismiss are resolved by form AO399. Plaintiffs also include in their response an attempt to clarify their claim. This attempt states that Plaintiffs seek to have a road provided and maintained. The attempt to clarify includes other requests for relief, but the legal basis for Plaintiffs' claim is made no clearer. In addition, in response to Defendant's venue argument Plaintiffs state that venue is proper because of language in the ECP Trust Agreement states that Florida law shall govern the validity of the agreement. I begin by setting forth the standard by which I must evaluate Defendant's Motion to Dismiss Complaint.

A motion to dismiss is appropriate when it is demonstrated "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). For the purpose of the motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true. *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984). Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). It is from this point that I begin my analysis of Defendant's Motion.

Defendant's Motion includes multiple reasons Plaintiffs' Complaint should be dismissed. I

begin with Defendant's argument that Plaintiffs have failed to state a claim upon which relief may be granted. Judge Johnson informed Plaintiffs of their obligation to comply with the Federal Rules of Civil Procedure and Local Rules of the Southern District of Florida. DE 11. The Federal Rules of Civil Procedure govern the pleading requirements for a civil litigant. Federal Rule of Civil Procedure 8(a) requires a plaintiff to make a "short and plain statement of the claim showing that [he] is entitled to relief." These averments must be simple, concise, and direct. FED. R. CIV. P. 8(e). Federal Rule of Civil Procedure 10(b) details the need for paragraphs and what is to be included in each paragraph.[1] A plaintiff in his pleading must state a cause of action, which includes more than merely stating a grievance; it must demonstrate that there is a legal basis for the recovery he seeks. *See Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). The only cause of action even mentioned in Plaintiffs' Complaint is the Federal Fair Housing Act and even then there is no citation to a specific section of the Act or facts stated which support a violation of the Act. Plaintiff's Complaint merely is a recitation of various convoluted facts in a typed letter format. This does not comply with the Federal Rules of Civil Procedure, nor does it put the Defendant on notice as to what claims it must defend against. For these reasons, I dismiss Plaintiffs' Complaint. I do so with leave to amend, although I caution Plaintiffs to be cognizant of their obligations under the Federal Rules of Civil Procedure and the law which they believe provides them the basis for the relief they seek.

Defendant also raises service of process issues, as well as jurisdictional issues in its Motion to Dismiss Complaint. While it is not necessary that I rule on these issues given Plaintiffs' failure to state a claim, I mention them so that Plaintiffs are aware of their obligations as to these issues as well. Federal Rule of Civil Procedure 4 details the procedure to commence an action, including but not limited to the issuance of a summons. FED. R. CIV. P. 4. The record in this matter does not include

---

[1] These rules do not address other pleading requirements for specific causes of action, including a higher pleading standard applicable to cases involving qualified immunity, *see e.g., GRJ Invs. v. County of Escambia*, 132 F.3d 1359, 1367 (11th Cir. 1984), and those cases involving claims discussed in Federal Rule of Civil Procedure 9.

a summons, nor does it include a return of service. Plaintiffs make arguments about the Defendant's actual notice of the suit and various employees of Defendant it has furnished with the Complaint. These assertions do not satisfy Plaintiffs' obligations under the Rules. While there are provisions for waiver of service, the record does not indicate Defendant has waived service in accordance with the Rules. As to the issue of jurisdiction, Plaintiffs' Complaint includes no allegations which provide the basis for this Court's jurisdiction over Defendant. I do not rule on these two issues, nor do I provide an exhaustive list of things Plaintiffs should consider in their legal proceeding. I urge Plaintiffs to consider these issues before filing any amended complaint or pursuing further legal recourse against Defendant.

Defendant requests that I stay the pending deadlines in this case. I decline to do so at this juncture. Should Plaintiffs timely file an Amended Complaint which clearly states a cause of action and the parties find themselves unable to meet certain deadlines after diligently working towards meeting them, I will consider a request to enlarge certain deadlines. The request should clearly demonstrate the parties' inability to complete the tasks within the allotted time frame despite their best efforts to do so. The parties should bear in mind the pendency of a dispositive motion is not sufficient to delay discovery. *See* Appendix A, Section I.D.5 to the Southern District of Florida Local Rules.

In closing, I also take this opportunity to reiterate that Ms. Peterson, who is not licensed to practice law, cannot represent the Plaintiff, ECP Trust. Corporations and partnerships cannot appear for themselves personally where they are artificial entities that can only act through agents. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). At least one Florida court has decided that a trust similarly cannot be represented by a trustee appearing *pro se*. *See EHQF Trust v. S & A Capital Partners, Inc.*, 947 So.2d 606, 606 (Fla. 4th DCA 2007). The same way that a corporation cannot be represented in federal court *pro se*, neither can a trust where it too is an artificial entity. Accordingly, Ms. Peterson cannot continue to represent the trust in this action.

Based on the foregoing, it is ORDERED AND ADJUDGED that

(1) Plaintiffs' Motion to Amend/Correct Complaint (DE 4) is DENIED as moot;

(2) Plaintiffs' Motion to Continue Scheduled Hearing (DE 13) is DENIED as moot;

(3) Plaintiffs' Motion to Change Defendant's Name (DE 16) is DENIED as moot;

(4) Defendant's Motion to Dismiss Complaint (DE 17) is GRANTED;

(5) Defendant's Motion to Stay re Scheduling Order (DE 20) is DENIED;

(6) Plaintiffs' Motion for Default Judgment (DE 22) is DENIED;

(7) Plaintiffs' Motion for Summary Judgment (DE 22) is DENIED; and

(8) Any Amended Complaint shall be filed on or before April 27, 2007.

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this __17__ day of April, 2007.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

copies to: counsel of record
The 16th St. Dr N.W. Land Holders
and/or ECP Trust, *pro se*